IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Lopez-Hernandez,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-25-04854-PHX-SMB (MTM)<br><br>**ORDER** |

Petitioner filed this action challenging his immigration detention. Specifically, Petitioner challenged Respondents' decision to classify him as subject to mandatory detention under 8 U.S.C. § 1225(b) when he entered the United States over two years before he was detained. Petitioner alleged his detention is instead governed by 8 U.S.C. § 1226(a), and he is entitled to a bond hearing. (*Id.* ¶ 18.)

The Court directed Respondents to respond to the Petition. (Doc. 4.) Respondents maintain that because Petitioner has not been admitted to the United States, he remains an applicant for admission and is subject to mandatory detention. (Doc. 6.) The Court agrees. Another Judge in this district has held that under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Further, an alien unlawfully present in the United States "has only

those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner is therefore not entitled under the INA to a bond hearing under 8 U.S.C. § 1226(a) or the due process clause. The Petition will therefore be dismissed without prejudice.

To the extent Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, the Court rejects Petitioner's argument that relief should be granted here simply because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus is **denied without prejudice**. Any pending motions are denied as moot and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 9th day of March, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge